IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD OLIVER,<br>  Petitioner,<br><br>v.<br><br>MICHAEL BARONE, <u>et al.</u>,<br>  Respondents. | Civil Action No. 08-11 Erie<br><br>District Judge Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Petitioner, Richard Oliver, is serving a judgment of sentence imposed by the Court of Common Pleas of Philadelphia County for his April 22, 1988 convictions of kidnapping and related crimes and for five counts of contempt of court. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges the Department of Corrections' [the "DOC's"] administration of his sentence. [<u>See</u> ECF No. 5]. The petition is at least the second habeas petition that he has filed in federal court in which he challenges his judgment of sentence. Because he did not receive an order from the United States Court of Appeals for the Third Circuit authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

### II. REPORT

  A. **Relevant Background**

Petitioner, Richard Oliver, is a state inmate currently incarcerated at the State Correctional Institution ("SCI") Forest, located in Marienville, Pennsylvania. In December 1987, the Commonwealth filed charges against him in the Court of Common Pleas of Philadelphia County for, *inter alia*,

1

kidnapping, criminal conspiracy, aggravated assault, simple assault, and endangering the welfare of children. On April 22, 1988, a jury found him guilty of those crimes. In addition, Judge Angelo Guarino held him in contempt of court (five counts). [See ECF No. 12, Exs. A & B].

Judge Guarino sentenced Petitioner on June 23, 1988, to the following periods of incarceration: contempt of court – 25 months; criminal conspiracy – 2-10 years; aggravated assault – 5-10 years; kidnapping – 8-20 years; endangering welfare of children – 1-2 years. His total aggregate sentence is 18 years and 1 month to 42 years' incarceration. [ECF No. 12, Exs. B & D].1

Petitioner filed post-trial motions and the case was reassigned to Judge Quinones, who denied the motions. On October 19, 1993, Judge Quinones re-imposed the sentences that had been originally imposed by Judge Guarino in 1988. [ECF No. 12, Exs. E & F]. Petitioner now claims that Judge Quinones actually had reduced his aggregate sentence to 8-20 years' incarceration, but that "Mr. Andrew," who was a records officer at the S.C.I. Dallas, improperly altered his sentence back to the originally imposed term pursuant to an improper directive from the judge's clerk. Petitioner alleges that the original sentence had been "vacated" and that Judge Quinones could not re-impose it at that time because his case was on appeal to the Superior Court and therefore the trial court no longer had jurisdiction. [See ECF No. 5; see also ECF No. 11]. Importantly, Petitioner admits that he first became aware that he was being subject to what he now maintains is an illegal sentence around "[t]wo weeks" after October 19, 1993. [ECF No. 5 at p. 4].

On or around July 11, 1995, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the United States District Court for the Eastern District of Pennsylvania. [ECF No. 12, Ex. G]. It was docketed at 2:95-cv-4271, assigned to the Honorable Jay C. Waldman, and

---

1 Petitioner's sentence had been originally computed by the DOC as 16-42 years' incarceration, but was re-computed as of January 3, 2001, to reflect that the contempt sentence of 25 months was aggregated to the minimum sentence. [ECF No. 12, Ex. C].

2

referred to Magistrate Judge Richard A. Powers. He raised numerous challenges to his judgment of sentence, however he did not contend (as he does in the instant habeas action) that the DOC was administering the wrong term of imprisonment.

On September 26, 1996, upon the Report and Recommendation of Magistrate Judge Powers, Judge Waldman denied Petitioner's habeas petition and closed the case. See docket entry nos. 9-11 in Oliver v. Mazurkiewiez, et al., No. 2:95-cv-04271 (E.D. Pa.). The Third Circuit Court of Appeals denied his request for a certificate of probable cause on February 21, 1996, and the Supreme Court denied his petition for certiorari on October 10, 1996. See Oliver v. Mazurkiewiez, et al., No. 95-1869 (3d Cir.).

Many years later, in May 2007, Petitioner, who by this time was incarcerated at S.C.I. Forest, filed a grievance with the DOC in which he contended that it was mistakenly subjecting him to a term of imprisonment of 18 years and 1 month to 42 years, instead of a term of 8 to 20 years. [ECF No. 5, Ex. 4]. His grievance was denied as frivolous on the initial review, but on appeal Superintendent Raymond J. Sobina remanded for further review. In his remand order, Superintendent Sobina explained:

> In his appeal, Mr. Oliver contends that Camp Hill is using an illegal vacated sentence. He claims to have a record from the courts and contends that the Department of Corrections cannot produce something that "don't exist pertaining to a reimposed sentence." He advises that once we go to court, the Department of Corrections will have to produce the record that they do not have.
>
> The Superintendent has reviewed the instant grievance based on the Inmate's points of appeal and corresponding discussion. To ensure that this matter has been given proper attention, the Superintendent hereby remands the grievance back to the Grievance Officer for further review. The Corrections Records Supervisor at SCI Forest is the authority on the records related to sentencing. The Records Supervisor is asked to review this matter closely to ensure that Mr. Oliver's sentence is appropriately listed.

[ECF No. 5 at p. 13].

Shelly L. Thompson, Records Supervisor, handled Petitioner's grievance upon remand. In her reply to him, she explained that she thoroughly reviewed his file and determined that the DOC is

3

administering his sentence correctly. [ECF No. 5 at p. 15]. Ms. Thompson's determination was sustained by Superintendent Sobina and then by the Secretary's Office of Inmate Grievances & Appeals. [ECF No. 5 at pp. 17-19].

After his grievance was denied, Petitioner filed the instant petition for writ of habeas corpus with this Court. He challenges the DOC's administration of his sentence and claims it is violating his Fifth and Fourteenth Amendment rights. Respondents have filed their Answer [ECF No. 12], in which they point out, *inter alia*, that the petition is second or successive and Petitioner did not receive an order from the Third Circuit Court of Appeals authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Therefore, they contend, the petition must be dismissed for lack of jurisdiction.

### B. Discussion

Because the instant petition is at least the second one that Petitioner has filed in federal court in which he challenges the sentence imposed for his April 22, 1988 convictions, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner's challenge to the DOC's administration of his sentence had ripened by the time he filed his 1995 federal habeas petition in the Eastern District Court because the DOC had advised him in 1993 that he was being subject to the challenged term of imprisonment. Therefore, he could have and should have raised his challenge to the DOC's administration of his sentence in that proceeding. See Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005) (holding that habeas petition, in which the petitioner challenged the administration of his sentence, was a second or successive petition because his claim had ripened by the time he had filed a prior petition that challenged his underlying conviction).

In pertinent part, AEDPA mandates that before filing a second or successive federal habeas petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie case showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Third Circuit Court of Appeals establishes that Petitioner has not received from it permission to file a second or successive petition. Therefore, the instant habeas petition must dismissed because this Court lacks jurisdiction.2 Burton, 549 U.S. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

In accordance with Fed.R.Civ.P. 72, Petitioner is allowed fourteen (14) days from the date of serve to file written objection to this Report and Recommendation. No extensions of time will be granted. Failure to file timely objections may constitute waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  December 2, 2010

cc:    The Honorable Sean J. McLaughlin
       United States District Judge

---

[2]    It appears that if the Court could consider the petition, it would be denied as untimely under AEDPA's statute of limitations. 28 U.S.C. § 2244(b). [See ECF No. 12 at pp. 4-5].